IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>OMERO LEON,<br><br>                Defendant. | 8:19CR248<br><br>**FINDINGS AND RECOMMENDATION** |

      This matter is before the Court on the Motion to Suppress Statements (Filing No. 13) filed by Defendant, Omero Leon. Defendant filed a brief in support of the motion (Filing No. 14) and the government filed a brief in opposition (Filing No. 16). Defendant was unable to appear at the evidentiary hearing scheduled on November 12, 2019. In lieu of the evidentiary hearing, the Court discussed the parameters of the motion with counsel and granted the parties leave to file supplemental briefs. (Filing No. 29). Defendant filed a supplemental brief (Filing No. 21) and the government filed a reply brief (Filing No. 22).

      The evidentiary hearing was held on January 16, 2020. Defendant was present with his attorney, Kelly Steenbock. The government was represented by Assistant United States Attorney, Lecia Wright. Special Agent Stephen Friend ("Agent Friend") of the Federal Bureau of Investigation testified on behalf of the government. No exhibits were offered or received into evidence. Transcripts (TR) of the hearings were prepared and filed on January 29, 2020. (Filing No. 29 [TR29]; Filing No. 30 [TR30]). This matter is now fully submitted to the Court. For the following reasons, the undersigned magistrate judge recommends that Defendant's motion be granted.

## BACKGROUND

      On August 19, 2019, an Information was filed in this case charging Defendant with assault for striking an Indian female, R.S., in the arm with a skillet on August 18, 2018. (Filing No. 1). The government concedes that on August 18, 2018, the date the assault is alleged to have occurred, Defendant was arrested and questioned by Thurston County law enforcement officers and made incriminating statements while in custody, without being advised of his rights under *Miranda v.*

*Arizona*, 384 U.S. 436 (1966).[1] (TR29 at 3-4; TR30 at 26). Defendant was released from custody within a day.

Law enforcement had no further contact with Defendant and took no further action to investigate the assault until nearly one year later, on July 24, 2019, when Agent Friend appeared unannounced with another agent at Defendant's residence around noon. Agent Friend knew that Defendant's previous admissions were "problematic" and would "probably" not be admissible in court. Agent Friend also knew that Defendant had served a day in jail after his arrest on August 18, 2018, and that Defendant had not been contacted again regarding the investigation. (TR30 at 16-17). Both agents wore plainclothes but were visibly armed, displayed their badges, and identified themselves as law enforcement officers to Defendant. (TR30 at 6, 8, 23-24). Agent Friend spoke to Defendant outside his residence in a conversational tone, and, without administering any *Miranda* warnings, told Defendant, "I just need to talk to you about what happened with [R.S.]" or "I need to speak with you." (TR30 at 9, 15). Agent Friend did not inform Defendant that the conversation was voluntary or that he was free to leave, and did nothing to determine whether Defendant understood the consequences of making another statement. Defendant complied with Agent Friend's demand and gave an incriminatory narrative of events from August 18, 2018. (TR30 at 9-11, 21-22). Although Agent Friend did not arrest Defendant at that time, Agent Friend immediately swore out the affidavit to facilitate the charging of Defendant, without any further investigation. (TR30 at 22).

Defendant moves to suppress his statements made on July 24, 2019, as violative of *Miranda*, either as an independent violation because he was "in custody" on July 29, 2019, or as being tainted from the admitted *Miranda* violation when he was first arrested in August 2018. (Filing No. 13). The undersigned magistrate judge agrees with Defendant that his statements made on July 24, 2019, were violative of *Miranda* and should be suppressed.

## ANALYSIS

Evidence obtained by the police during custodial interrogations cannot be used in court during trial unless the defendant was first informed of the right not to incriminate himself and the right to a lawyer. *Miranda v. Arizona*, 384 U.S. 436, 444-45 (1966). It is undisputed that on July

---

[1] The government therefore does not intend to offer any statements Defendant made on August 18, 2018. (TR29 at 4; TR30 at 34).

24, 2019, Defendant was questioned by Agent Friend about the August 18, 2018, incident, gave incriminatory responses, and was not first provided with *Miranda* warnings. Therefore, the first question before the Court is whether Defendant was "in custody" during the questioning on July 24, 2019. If Defendant was in custody, his statements must be suppressed as he was not provided with any *Miranda* warnings.

To determine whether an individual is "in custody" a court examines "the extent of the physical or psychological restraints placed on the suspect during interrogation in light of whether a 'reasonable person in the suspect's position would have understood his situation' to be one of custody." *United States v. Laws*, 819 F.3d 388, 396-97 (8th Cir. 2016)(quoting *United States v. Griffin,* 922 F.2d 1343, 1347 (8th Cir. 1990)). Factors indicating custody include:

> (1) whether the suspect was informed at the time of questioning that the questioning was voluntary, that the suspect was free to leave or request the officers to do so, or that the suspect was not considered under arrest; (2) whether the suspect possessed unrestrained freedom of movement during questioning; (3) whether the suspect initiated contact with authorities or voluntarily acquiesced to official requests to respond to questions; (4) whether strong arm tactics or deceptive stratagems were employed during questioning; (5) whether the atmosphere of the questioning was police dominated; or, (6) whether the suspect was placed under arrest at the termination of the questioning.

*Id.* at 397. Although the defendant in *Laws* was handcuffed, had not initiated the interview, and was not free to move around in a police-dominated atmosphere, the Eighth Circuit concluded the defendant was not "in custody" for purposes of *Miranda* because the defendant's interview was short in duration and the defendant was not arrested when it concluded. "Most importantly," the Eighth Circuit cited the fact that the defendant and all occupants of the house were advised they were free to leave after the defendant was uncuffed but before the defendant made any statements. "[A]n explicit advisory that an individual is free to leave generally 'weigh[s] heavily toward a finding of non-custodial status.'" *Id.* (quoting *United States v. Elzahabi*, 557 F.3d 879, 884 (8th Cir. 2009)("[A]n express advisement that a suspect is not under arrest and that his participation is voluntary" is the "most obvious and effective means of demonstrating that a suspect has not been taken into custody")(internal quotation marks omitted). But in the present case Agent Friend made no such advisement. Instead, Agent Friend told Defendant the agents "need[ed]" to talk to him about the August 2018 incident. The agents' failure to advise Defendant that the questioning was

3

voluntary, that he was free to leave, or that he was not under arrest, weighs heavily in favor of custody.

The other factors also weigh in favor of custody. Although Defendant was questioned in the front yard of his residence and he was not placed in handcuffs or otherwise restrained, "whether a person is seized by law enforcement does not depend on the formality of an official pronouncement of arrest, or physical restraints such as handcuffs, or whether the setting was indoor or outdoor." *United States v. Eiland*, No. 4:18-CR-3154, 2019 WL 2724077, at *3 (D. Neb. July 1, 2019), *reconsideration denied*, No. 4:18-CR-3154, 2019 WL 3572871 (D. Neb. Aug. 6, 2019)(Gerrard, C.J.)(citing *Brendlin v. California*, 551 U.S. 249, 254 (2007)). Rather, "A person is seized by the police and thus entitled to challenge the government's action under the Fourth Amendment when an officer, by means of physical force *or show of authority*, intentionally terminates or restrains the person's freedom of movement, and the person actually submits to the physical force or show of authority." *Id.* (emphasis in original). In this case, visibly armed agents initiated contact with Defendant without any prior notice and did not inform Defendant he was not required to submit to questioning. *Cf. Beckwith v. United States*, 425 U.S. 341 (1976)(finding *Miranda* warnings not required during interview in private home after being advised questioning was voluntary); *United States v. Czichray*, 378 F.3d 822, 830 (8th Cir. 2004)(concluding the defendant was not in custody during questioning in his home where law enforcement advised the defendant "at least eight times that his participation in the interview was voluntary, and that he was free to ask the agents to leave his home."); *United States v. Thomas*, 664 F.3d 217 (8th Cir. 2011)(finding circumstances were non-custodial where the defendant requested law enforcement come speak to him and invited them inside the home in the presence of his mother when they arrived).

Defendant was also alone with the agents. *See Griffin*, 922 F.2d at 1352 ("A frequently recurring example of police domination concerns the removal of the suspect from the presence of family, friends, or colleagues."). Further, the agents were following up on a nearly one-year old case in which Defendant had initially been in jail for one day before being released. In so doing, the agents did not tell Defendant that his answers would be used against him, that he could be further punished, that the tribal authorities did not have jurisdiction, that there was further investigation by authorities having jurisdiction, that he did not have to talk, that this was a final step before the filing of a federal charge, or that he was free to leave. And, although Defendant

was not arrested at the conclusion of the questioning, the agents proceeded by alternate means, a federal charging document and issuance of summons. In consideration of the totality of the circumstances set forth above, the undersigned magistrate judge finds that Defendant was in custody on July 24, 2019, and that the failure to provide him with *Miranda* warnings prior to questioning him renders his statements inadmissible.

Alternatively, even if Defendant was not in custody during the July 24, 2019, *Miranda*-less questioning, the undersigned magistrate judge nevertheless finds that Defendant's statements must be suppressed as tainted by the prior *Miranda* violation in August 2018. The factors to be considered when determining whether there has been sufficient attenuation to dissipate the taint of a primary constitutional violation are: (1) the temporal proximity between the illegality and the challenged evidence; (2) the presence of intervening circumstances; and (3) the purpose and flagrancy of the official misconduct. *Brown v. Illinois*, 422 U.S. 590, 604-04 (1975). No single factor is sufficient to show attenuation. The court must view the totality of the circumstances to determine whether the attenuation of the taint in the particular case is sufficient to permit use of the challenged evidence. See *United States v. Ceccolini*, 435 U.S. 268, 276-77 (1978). The undersigned magistrate judge finds that in the present case it does not. Although nearly one year apart, there were no intervening circumstances between the two interviews. Agent Friend knew that it would be problematic to admit Defendant's August 2018 statements at trial. And despite Agent Friend's assurance that his actions were not intentional, the purpose of the July 24, 2019, encounter was clearly to obtain admissible statements in lieu of the statements previously obtained from Defendant while in a jail without the benefit of *Miranda* warnings. The Court directed counsel to consider whether the circumstances of this case presented a two-part interrogation practice analogous to *Missouri v. Seibert*, 542 U.S. 600 (2004). However, *Seibert* is inapposite because *Miranda* warnings were not given to Defendant prior to his second questioning on July 24, 2019. Whether the standard is effectiveness of warnings or intentionality, see *United States v. Thomas*, 664 F.3d 217, 223 (8th Cir. 2011), the scenario presented in this case is perhaps even more egregious as Agent Friend chose to obtain Defendant's admissions a second time without any warnings at all. It is nonsensical to allow the admission of Defendant's statements in this case when clearly established precedent forbids two-step questioning even where *Miranda* warnings are subsequently given.

Because Agent Friend conducted a custodial interrogation of Defendant on July 24, 2019, and because Defendant's statements were otherwise tainted by the admittedly unlawful questioning without *Miranda* in August 2018, the undersigned magistrate judge finds and concludes that Defendant's statements were obtained in violation of the Fifth Amendment and are therefore inadmissible at trial. Upon consideration,

**IT IS HEREBY RECOMMENDED** to United States District Court Judge Robert F. Rossiter, Jr. that Defendant's Motion to Suppress Statements ([Filing No. 13](#)) be granted.

Dated this 18th day of February, 2020.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

## ADMONITION

Pursuant to NECrimR 59.2, any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.